IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JAMES TOLLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:14-cv-43 |
| vs. ) | |
| ) | |
| FINANCIAL CREDIT SERVICE, ) | |
| INC. d/b/a ARA INC. and ASSET ) | |
| RECOVERY ASSOCIATES ) | JURY DEMAND ENDORSED HEREON |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, JAMES TOLLIVER, by and through his attorney, MITCHEL E. LUXENBURG, and for his Complaint against the Defendant, FINANCIAL CREDIT SERVICE, INC. d/b/a ARA INC. and ASSET RECOVERY ASSOCIATES, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Collection Agency Act (hereinafter the "NCCAA"), N.C. Gen. Stat. § 58-70-90, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Wilson, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Illinois, which is not licensed to do business in North Carolina and which has its principal place of business in Lombard, Illinois.

## COUNT I
(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, including but not limited to individuals representing themselves as Ray Blake and David Lawson, began contacting Plaintiff during or about May or June of 2013 in attempts to collect the aforementioned alleged debt.

9. Defendant's agents, representatives and/or employees repeatedly contacted Plaintiff by telephone in further attempts to collect the alleged debt, even after Plaintiff told said callers that the debt had been previously settled and paid.

10. On or about August 31, 2013, Plaintiff sent Defendant disputing and requesting verification of the alleged debt. A copy of Plaintiff's letter is attached hereto as Exhibit 1.

11. During one telephone communication with Plaintiff's wife, Defendant's agent, representative and/or employee falsely stated that a lawsuit had been filed against Plaintiff with regard to the alleged debt.

12. Defendant's agents, representatives and/or employees continued to contact Plaintiff in attempts to collect the alleged debt without providing the requested verification of the alleged debt.

13. Defendant failed to provide Plaintiff with notice regarding the alleged debt, as required by 15 U.S.C. § 1692g(a).

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    b. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

d. Collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or was not permitted by law, in violation of 15 U.S.C. § 1692f(1);

e. Failing to provide a proper legal notice to Plaintiff as required by 15 U.S.C. § 1692g;

f. Continuing collection activities without providing verification of the debt to Plaintiff after Plaintiff requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g; and

g. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JAMES TOLLIVER, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
(Violation of the North Carolina Collection Agency Act)

16. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. In its attempts to collect the aforementioned alleged debt, Defendant violated the NCCAA in one or more of the following ways:

a. Causing a telephone to ring or engaging Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to him under the circumstances, in violation of N.C. Gen. Stat. § 58-70-100(3);

b. Attempting to collect the alleged debt or obtain information concerning Plaintiff by any fraudulent, deceptive or misleading representation, in violation of N.C. Gen. Stat. § 58-70-110;

c. Falsely representing the character, extent, or amount of the alleged debt against Plaintiff, in violation of N.C. Gen. Stat. § 58-70-110(4); and

d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCCAA.

18. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JAMES TOLLIVER, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $4,000.00 for each violation of the NCCAA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

### JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com